# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Corey Jawan Robinson, | ) |
| Plaintiff, | ) Civil Action No.: 5:19-cv-01197-JMC |
| v. | ) **ORDER AND OPINION** |
| DHO Sharon Patterson; Lt. Ronata Sowell; Counsel Substitute Silimon, | ) |
| Defendants. | ) |

Before the court for review is the Magistrate Judge's Report and Recommendation ("Report") filed on May 30, 2019 (ECF No. 22). The court **ACCEPTS** the Magistrate Judge's Report and incorporates it herein by reference. For the reasons set out in the Report, the court **DISMISSES** Plaintiff Corey Jawan Robinson's Complaint (ECF No. 1) *without prejudice* and without issuance and service of process.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 22 at 1–3.) As brief background, on April 25, 2019, Plaintiff, proceeding pro se, commenced this 42 U.S.C. § 1983 action against Defendants, alleging his constitutional rights were violated by a June 2016 disciplinary conviction. (ECF No. 1.)

On May 1, 2019, the Magistrate Judge entered a Proper Form Order directing Plaintiff to bring this case into proper form within 21 days (plus three mailing days). (ECF No. 10.) In the Order, the Magistrate Judge directed Plaintiff to:

> (1) Clearly and plainly state the events that support his claim. Plaintiff should also state how each defendant named in his complaint was personally involved in the alleged wrongful actions. The handwriting on Plaintiff's original complaint was illegible, with inadequate spacing between words, and therefore the complaint

1

could not be adequately reviewed by this court as required by federal law. Plaintiff is advised that handwritten information should be printed and legible with sufficient spacing between words. If Plaintiff does not submit a more clearly written complaint as directed under this order, this case may be subject to summary dismissal.

(2) Complete one summons form that lists every defendant named in this matter. In the space following "TO: (Defendant's name and address)," Plaintiff is required to provide a complete name and a full address where defendant can be served pursuant to Rule 4 of the Federal Rules of Civil Procedure. Plaintiff's complete name and full address must be provided in the blank section following "plaintiff or plaintiff's attorney, whose name and address are." Handwritten information must be printed and legible. Nothing else should be written by Plaintiff on either the front or back of the summons or in the margins. If it is necessary to list additional defendants whose names and street addresses do not fit in the space on the summons form preceded by "TO: (Name and address of Defendant)," Plaintiff must attach an additional page of letter-sized (eight and one-half inches by eleven inches) paper listing additional defendants and service addresses. A blank form is attached for Plaintiff's use.

(*Id*. at 2.) On May 8, 2019, Plaintiff filed a Motion for an Extension of Time (ECF No. 14) as to the Proper Form Order (ECF No. 10). The Magistrate Judge granted Plaintiff's Motion (ECF No. 14) on May 9, 2019, extending the time to file a response to the Proper Form Order to May 30, 2019 (ECF No. 15). There is no indication on the docket concerning Plaintiff bringing this case into compliance, pursuant to the Proper Form Order (ECF No. 10), before the aforementioned deadline.

On May 30, 2019, the Magistrate Judge entered her Report. (ECF No. 22.) The Report recommends dismissing the Complaint, without prejudice and without issuance and service of process, for the following reasons: (1) *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Plaintiff's claims related to his disciplinary conviction because "[t]he record contains no evidence that Plaintiff successfully appealed or otherwise invalidated his disciplinary conviction"; (2) "Plaintiff's claim against Sowell concerning false disciplinary charges fails to state a plausible constitutional claim" because Plaintiff "received a hearing on any such charges" and "the act of

filing false disciplinary charges does not itself violate a prisoner's constitutional rights"; (3) "Plaintiff's allegations that his counsel substitute[1] provided ineffective assistance of counsel raise no issues of a constitutional dimension" because "[t]here is no constitutional right to counsel at a prison disciplinary hearing"; and (4) any amendment to the Complaint would be futile because "Plaintiff has not shown he has successfully challenged his disciplinary conviction." (*Id*. at 3–4.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District Court of South Carolina. The Magistrate Judge only makes a recommendation to this court; the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This court engages in a de novo review of those portions of the Report and Recommendation to which the parties have made specific objections. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). The court may accept, reject or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

On May 30, 2019, as part of the Report, the Magistrate Judge notified the parties of their right to file objections by June 13, 2019. (ECF No. 22.) Neither of the parties filed any objections to the Report by this date. In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendations without modification.

---

[1] "Inmates have no right to retained or appointed counsel . . . although counsel substitutes should be provided" in prison disciplinary proceedings "[w]here an illiterate inmate is involved" or if "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Wolff v. McDonnell*, 418 U.S. 539, 540–41, 570 (1974). Counsel substitutes can be either a fellow inmate or a member of the prison staff. *Id*. at 570.

3

*See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Absent objections, the court must only ensure that there is no clear error on the face of the record in order to accept the recommendations. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). If a party fails to file specific, written objections to the Report, the party forfeits the right to appeal the court's decision concerning the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Accordingly, since none of the parties filed any objections to the Report, and the court observes no clear error on the face of the record, the court accepts the Magistrate Judge's Report. *See Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a thorough and careful review of the record, the court finds the Magistrate Judge's Report and Recommendation provides an accurate summary of the facts and law in this case. Accordingly, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 22) and incorporates it herein by reference. For the reasons set out in the Report, the court **DISMISSES** Plaintiff Corey Jawan Robinson's Complaint (ECF No. 1) *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

United States District Judge

July 16, 2019
Columbia, South Carolina

4